IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MYRA BROWN and ALEXANDER TAYLOR,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION; MIGUEL CARDONA, in his official capacity as the Secretary of Education,<br><br>*Defendants*. | CIVIL ACTION NO. 4:22-cv-908 |

**PLAINTIFFS' RESPONSE TO THE COURT'S ORDER**

Per the Court's November 2 Order, Plaintiffs have no objections to advancing their motion for a preliminary injunction to a determination on the merits.

1.  Federal Rule of Civil Procedure 65 gives the Court broad discretion to "advance the trial on the merits and consolidate it with the [preliminary-injunction] hearing." Fed. R. Civ. P. 65(a)(2); *see D.L. Cromwell Invs., Inc. v. NASD Reg., Inc.*, 279 F.3d 155, 160 (2d Cir. 2002) (noting the "'broad discretion accorded the district court by Rule 65(a)(2)'"). Doing so is proper where, as here, no material facts are in dispute and the case can be resolved as a matter of law. *See, e.g.*, *Cushing v. Jacobs*, 2020 WL 1444921, at *1 (D.N.J. Mar. 25, 2020) (converting plaintiff's preliminary-injunction motion into one for summary judgment because the case "present[ed] a single issue of law" and required "speedy adjudication"); *Carey v. Wis. Elections Comm'n*, — F. Supp. 3d —, 2022 WL 3910457, at *2 (W.D. Wis. Aug. 31, 2022) ("[T]he parties haven't identified a reason for delaying judgment in this case, . . . so the court will convert plaintiffs' motion for a preliminary injunction into a motion for summary judgment, grant relief, and close the case.").

1

2.        Here, the issues are purely legal and there are no material facts in dispute. *See* Pls' Mot. 11-25; Defs' Opp. 8-30; Pls' Reply 2-15. That is because "when a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal, and the entire case on review is a question of law." *New York v. HHS*, 414 F. Supp. 3d 475, 516 (S.D.N.Y. 2019) (cleaned up); *see AstraZeneca Pharms. LP v. Becerra*, 2022 WL 484587, at *3 (D. Del. Feb. 16, 2022) (same). "Summary judgment serves as 'the mechanism for deciding, as a matter of law, whether the agency action is . . . consistent with the APA standard of review.'" *O.A. v. Trump*, 404 F. Supp. 3d 109, 125 (D.D.C. 2019).

3.        There is no need for the Court to "defer considering" the merits to allow for discovery. Fed. R. Civ. P. 56(d). The Department has admitted to the relevant facts. *See* Defs' Opp. 6 ("[B]ecause [Ms. Brown's] loans are commercially held, she is not eligible for this particular exercise of discretionary debt relief."); *id.* at 7 ("Because Mr. Taylor did not receive a Pell Grant in college, . . . he is not eligible for the additional $10,000 in debt relief."); *see also* Pls' App. 12, 14 (the Department explaining that it has "detailed" information on borrowers' loans and Pell Grants). Nor would the Department have any basis to challenge Plaintiffs' declarations. *See Dunning v. Quander*, 508 F.3d 8, 10 (D.C. Cir. 2007) ("Without some reason to question the veracity of affiants, the desire to 'test and elaborate' affiants' testimony falls short" and is insufficient "to require the district court to defer or deny dispositive action." (cleaned up)); *e.g., Shelby Cty. v. Holder*, 270 F.R.D. 16, 19 (D.D.C. 2010) (refusing to delay summary judgment because "[t]he government has not shown that it needs discovery to assess Shelby County's standing" and "has offered no reason to doubt the veracity of [the] declaration in support of standing").

4.        The Court also need not wait for the Department to officially certify that it has submitted the complete administrative record. *See* Defs' App. 3. Plaintiffs' claim does not depend on the administrative record, *see* Pls. Mot. 11-25; Reply 2-15, and nothing the agency could produce could ever justify its failure to conduct negotiated rulemaking and provide notice and an opportunity to

comment, *see E.B. v. U.S. Dep't of State*, 583 F. Supp. 3d 58, 62 n.3 (D.D.C. 2022) ("Defendants have not produced the administrative record in this case. But the record is unnecessary since the Court finds that notice-and-comment rulemaking was required." (citation omitted)); *Alphapointe v. Dep't of Veterans Affs.*, 475 F. Supp. 3d 1, 12 (D.D.C. 2020) ("The APA either requires that the [agency action] be subject to notice and comment, or it does not. Resolving Plaintiffs' challenge therefore requires no obvious need for the administrative record."). Moreover, "the Court appears to possess" the administrative record in any event. *E.B.*, 583 F Supp. 3d at 62 n.3. The Department already provided the "documents related to the decision of the Secretary to provide one-time student loan debt relief." Defs' App. 2, ¶3 & 5-25; *see also Outdoor Amusement Bus. Ass'n, Inc. v. DHS*, 2017 WL 3189446, at *9 (D. Md. July 27, 2017) ("Although DOL and DHS, like many other federal agencies, file certifications with administrative records as a matter of practice, certifications are not required by the APA or any other law." (cleaned up)).

5. The Court also has provided adequate notice that it may resolve the merits on an expedited basis. The Department was "on notice from the outset that [Plaintiffs'] claim hinged on the issue to be decided at the preliminary injunction hearing." *D.L. Cromwell Invs., Inc.*, 279 F.3d at 160. And this Court's November 2 Order has provided the Department a further opportunity to raise objections. The Department cannot possibly show "substantial prejudice." *Id.*

6. In light of the undisputed facts, Plaintiffs are entitled to summary judgment, as explained in their prior briefing. Because the Debt Forgiveness Program is a legislative rule, the Department could not adopt the Program without going through negotiated rulemaking and providing notice and an opportunity to comment. The Department's only justification for disregarding these procedures is its contention that the Program is authorized by the HEROES Act. But the Program is not authorized by the HEROES Act, and so the Department had no authority to ignore its rulemaking obligations. Plaintiffs are thus entitled to summary judgment.

7.     The Court should vacate and set aside the Debt Forgiveness Program. *See* Compl. at 14. The APA gives courts the power to "hold unlawful and set aside agency action." 5 U.S.C. §706(2). "Under prevailing precedent, § 706 extends beyond the mere non-enforcement remedies available to courts that review the constitutionality of legislation, as it empowers courts to 'set aside'—*i.e.*, formally nullify and revoke—an unlawful agency action." *Data Mktg. P'ship, LP v. DOL*, 45 F.4th 846, 859 (5th Cir. 2022) (citation omitted). "The default rule is that vacatur is the appropriate remedy." *Id.* (listing cases). "This is especially true when there is a procedural violation." *Texas v. United States*, — F. Supp. 3d —, 2022 WL 2109204, at *44 (S.D. Tex. June 10, 2022). Vacatur "'restores the status quo before the invalid rule took effect,' leaving the agency free to consider the problem anew." *Id.*

8.     No different result is warranted here. The Department committed serious and fundamental legal errors when it determined that the HEROES Act authorized it to create the Debt Forgiveness Program without negotiated rulemaking or notice and comment. These errors infect the Program to its core and can never be cured. *See U.S. Steel Corp. v. EPA*, 595 F.2d 207, 210 (5th Cir. 1979) (agency's failure to provide notice and comment required the court to "set aside the designations and remand to the Agency so that it may repromulgate the Alabama nonattainment list after proper public notice and opportunity to comment"); *NRDC v. Wheeler*, 955 F.3d 68, 85 (D.C. Cir. 2020) ("Failure to provide the required notice and to invite public comment . . . is a fundamental flaw that normally requires vacatur of the rule." (cleaned up)); *Daimler Trucks N.A. LLC v. EPA*, 737 F.3d 95, 103 (D.C. Cir. 2013) ("[T]he court typically vacates rules when an agency 'entirely fail[s]' to provide notice and comment." (quoting *Shell Oil Co. v. EPA*, 950 F.2d 741, 752 (D.C. Cir. 1991)). Moreover, any "disruption to [the Department] is largely the 'uncertainty that typically attends vacatur of any rule,'" and any implementation to date has been "premised on a fundamental misunderstanding of federal law." *Texas*, 2022 WL 2109204, at *45 (quoting *Wheeler*, 955 F.3d at 85). Thus, "[a]ny disruption does not outweigh the seriousness of [the Department's] fundamental error[s]." *Id.*

9. The district court would also be acting within its authority to grant Plaintiffs a permanent injunction. *See* Compl. 14. "'The standard for a preliminary injunction is essentially the same as for a permanent injunction.'" *ICEE Distribs., Inc. v. J&J Snack Foods Corp.*, 325 F.3d 586, 596 n.34 (5th Cir. 2003). The only difference is that a plaintiff must show "'actual success'" on the merits. *Id.* Because Plaintiffs are entitled to a preliminary injunction and have shown actual success on the merits, they are also entitled to a permanent injunction. *See, e.g., Vizant Techs., LLC v. Whitchurch*, 2016 WL 97923, at *25-26 (E.D. Pa. 2016) (converting a preliminary injunction into a permanent injunction).

10. Finally, the Court's intentions to "resolve the dispute in an expeditious manner" are warranted. Dkt. 19. Yesterday, the President stated that, "'[b]y the end of this week, the Department of Education will have approved applications of 16 million Americans and sent the necessary paperwork to student loan servicers—the last step before the 16 million Americans can have their loan[s] discharged.'" Alex Gangitano, *Biden Says 16M Student Debt Relief Applicants To Be Approved This Week*, The Hill (Nov. 3, 2022), https://bit.ly/3gZHk4y. Without relief from this Court, the Department will forgive the debts of tens of millions of borrowers and shut down the Program—forever depriving Plaintiffs of their procedural rights. The Court should expeditiously grant Plaintiffs summary judgment.

Dated: November 4, 2022 Respectfully submitted,

   /s/ J. Michael Connolly

J. Michael Connolly (VA Bar No. 77632)
James F. Hasson (TX Bar No. 24109982)
Matthew Pociask* (IL Bar No. 6336568)
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Tel: (703) 243-9423
Fax: (703) 243-9423
mike@consovoymccarthy.com
james@consovoymccarthy.com
matt@consovoymccarthy.com

Steven C. Begakis (VA Bar No. 95172)
CONSOVOY MCCARTHY PLLC
Fort Worth, TX
Tel: (703) 243-9423
Fax: (703) 243-9423
steven@consovoymccarthy.com

*Admitted in Illinois, but not Virginia.
Supervised by principals at firm.*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on November 4, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will serve a copy on all counsel of record.

   /s/ J. Michael Connolly
J. Michael Connolly