IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MYRA BROWN and ALEXANDER TAYLOR, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF EDUCATION and MIGUEL CARDONA, in his official capacity as Secretary of Education, <br><br> Defendants. | Civil Action No. 4:22-cv-00908-P |

## DEFENDANTS' RESPONSE TO ORDER ON ADVANCING THE MERITS OF PLAINTIFFS' COMPLAINT

At both the October 25, 2022 hearing on Plaintiffs' Motion for Preliminary Injunction and in a separate order, *see* ECF No. 33, this Court has raised the possibility of converting Plaintiffs' emergency motion to an ultimate determination on the merits of their complaint, *see* Federal Rule of Civil Procedure 65. Defendants respectfully respond to explain why, for at least three reasons, advancing Plaintiffs' motion at this stage would be improper.

*First*, proceeding to the merits would be inappropriate because this Court lacks jurisdiction over Plaintiffs' complaint. Defendants' pending motion to dismiss demonstrates that Plaintiffs are unable to carry their burden to establish standing, ECF No. 24, both because Plaintiffs suffered no procedural harm since Congress expressly exempted the challenged action from notice-and-comment requirements and because, even were that not the case, Plaintiffs are in no way harmed by the provision of targeted debt relief to *other* borrowers, *id.* at 8-12. Even were the Court not inclined to dismiss this case outright (as Defendants respectfully submit that it should), converting Plaintiffs' preliminary injunction motion to a determination on the merits would be unwarranted because Plaintiffs have not yet attempted to meet the requisite evidentiary showing. "[E]ach element" of the standing inquiry "must be supported in the same way as any other matter on which the plaintiff bears

the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stage of litigation," so, at summary judgment, "the plaintiff can no longer rely on such 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts.'" *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 561 (1992). Plaintiffs' burden in this suit is heightened by the very nature of their claim: "When a suit is one challenging the legality of government action or inaction, the nature and extent of facts that must be averred (at the summary judgment stage) … depends considerably upon whether the plaintiff is himself an object of the action" and, "[w]hen … a plaintiff's asserted injury arises from the government's allegedly unlawful regulation (or lack of regulation) of *someone else*, much more is needed." *Id.* at 561-62. The result is that, "when the plaintiff is not himself the object of the government action or inaction he challenges, standing … is ordinarily 'substantially more difficult' to establish." *Id.* at 562; *see also Inclusive Communities Project, Inc. v. Dep't of Treasury*, 946 F.3d 649, 655 (5th Cir. 2019) (Article III "standards make it difficult for a plaintiff to establish standing to challenge a government action if he isn't its direct object"). These concerns are particularly acute here, where two individuals purportedly dissatisfied that they will not receive the full measure of a government benefit flowing to other borrowers seek to forestall relief for tens of millions of Americans. This Court should not reach the merits of so weighty a question where Plaintiffs have not proven that the Secretary's decision has harmed them or that a ruling blocking debt relief for *other borrowers* would benefit Plaintiffs in any concrete manner.

*Second*, and relatedly, this Court should not reach the merits because Defendants have not yet had an opportunity to conduct jurisdictional discovery, including taking Plaintiffs' depositions. Thus far Plaintiffs have submitted two affidavits, each totaling 260 words or fewer, asserting their beliefs that it is "unfair to exclude [them] from the program," and that they "want an opportunity to present [their] views to the Department and provide additional comments on any proposal from the Department to forgive student loan debts." *E.g.*, Pls.' App. 2, Brown Decl. These threadbare assertions fall woefully short of carrying Plaintiffs' burden to prove standing at the pleadings stage, much less for purposes of summary judgment. *See Inclusive Communities Project, Inc.*, 946 F.3d at 655 (confirming that "mere allegations" do not suffice for standing at summary judgment and must instead be

supported by reliable evidence). Here, not only are Plaintiffs' affidavits deficient for these purposes, but Defendants have had no opportunity to inquire as to salient issues, especially since Plaintiffs did not present themselves for cross examination at the recent hearing and Defendants did not anticipate the need to request their testimony at such a preliminary stage. Defendants should have the opportunity to examine Plaintiffs on matters including (but not limited to) their purported intent to participate in any comment process for the challenged action, the substance of the comments Plaintiffs purportedly wish to submit, and the tension between Plaintiffs' position that the forgiveness program should be expanded to include them and their position that the program is unlawfully overbroad, which would presumably be part of their comments, *compare* Pls.' App. 2, 4 *with* Pls. Mot. for Prelim. Inj. at 17-19. *See also Cache Valley Elec. Co. v. Utah Dep't of Transp.*, 149 F.3d 1119, 1124 (10th Cir. 1998) ("Because, at summary judgment, it is a plaintiff's burden to adduce evidence sufficient to establish necessary jurisdictional facts," it "may not establish standing by merely hypothesizing" that it would be better off absent the challenged action). Furthermore, due to the "limited purpose" of proceedings on a preliminary injunction and "the haste that is often necessary," "it is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits." *University of Texas v. Camenissch*, 451 U.S. 390, 395 (1981). And while Federal Rule of Civil Procedure 65 does provide a mechanism for such advancement, to avoid prejudice to the non-moving party, clear and unambiguous notice is required either before the hearing begins "or at a time which will still afford the parties a full opportunity to present their respective cases." *Id.* (citation omitted). Defendants have not had that opportunity. Despite Plaintiffs' claim that "there are no material facts in dispute," *see* ECF No. 34 at 2, there are substantial factual disputes relevant to Plaintiffs' standing, and those questions cannot be resolved in Plaintiffs' favor on the current record. At a minimum, the Court should set a period for jurisdictional discovery and briefing on the import of any evidence obtained before considering any ruling on the merits.

*Third*, Plaintiffs' challenge to agency action under the Administrative Procedure Act should not be decided without production of an administrative record. Although Plaintiffs have styled their challenge as raising only a procedural claim, the *substance* of their arguments goes squarely to the merits

of the challenged decision, since Plaintiffs attempt to attack the substantive lawfulness of the decision under the guise of a procedural claim. *See generally* Pls.' Br. at 13-21. As such, any decision on the merits by this Court (or review of that decision on appeal) should await production of the administrative record. "Judicial review is based upon the "full administrative record that was before [the Secretary] at the time [he] made [his] decision," *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Saunders*, 430 U.S. 99 (1977), and "meaningful judicial review" must be based on the "agency's contemporaneous explanation" presented in the administrative record, *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2573 (2019). Although the record currently before the Court contains the relevant decisional memoranda, the administrative record presumably would include additional information, including underlying data supporting the Secretary's decision, and thus should form a part of the record for review of this important program. Plaintiffs' reliance on cases holding that an administrative record was unnecessary for success on a notice-and-comment claim, ECF 34 at 2-3, is misplaced because, in contrast to a typical procedural challenge under the APA, here Plaintiffs attempt to sidestep a plainly applicable exception to notice and comment by attacking the substance of the decision.

For at least these reasons, Defendants respectfully submit that the Court should not advance Plaintiffs' emergency motion to summary judgment and should instead resolve Defendants' motion to dismiss first and, if the Court denies that motion, permit jurisdictional discovery before proceeding.

Dated: November 4, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIAN D. NETTER
Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

/s/ Kate Talmor
KATE TALMOR (Md. Bar)
R. CHARLIE MERRITT
CODY T. KNAPP
SAMUEL REBO
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
(202) 305-5267
kate.talmor@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record are CM/ECF participants and service of this filing will be accomplished through filing on the public docket.

/s/ Kate Talmor
KATE TALMOR (Md. Bar)